UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEVERLY STAYART, a/k/a
BEV STAYART,
        Plaintiff,

    v.                                                                                Case No. 10C0336

GOOGLE INC.,
        Defendant.

## DECISION AND ORDER

This is plaintiff Beverly Stayart's third suit against an internet search engine after conducting queries using her own name as a search term and discovering that the search engine's website suggested the phrase "bev stayart levitra." Levitra is a medication for erectile dysfunction. Plaintiff has sued Yahoo! Inc., ("Yahoo") twice and in the present action sues Google, Inc. ("Google"). In one of her previous actions, plaintiff claimed trademark infringement under the Lanham Act and brought supplemental Wisconsin law claims alleging that Yahoo wrongfully used her name for advertising purposes. The district court held that plaintiff had no commercial interest in her name and therefore lacked standing under the Lanham Act, and it declined to exercise jurisdiction over plaintiff's state law claims. The Seventh Circuit affirmed. See Stayart v. Yahoo! Inc., 623 F.3d 436 (7th Cir. 2010). In her present suit, plaintiff alleges that I have diversity jurisdiction under 28 U.S.C. § 1332(a) and she asserts that Google used her name for purposes of advertising or trade in violation of Wisconsin law. See Wis. Stat. § 995.50(2)(b); see also Hirsch v. S.C. Johnson & Son, 90 Wis. 2d 379 (1979). Before me now is Google's motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

Before discussing the issues presented by Google's motion, I will briefly summarize plaintiff's allegations. Plaintiff alleges that she is a genealogy researcher, is involved in animal protection, regularly uses the internet to further these activities and is the only Bev Stayart on the internet. She also alleges that she has published several poems. Plaintiff further alleges that Google provides internet search services through a commercial website. Through proprietary software algorithms, Google reviews and indexes websites. Users address search queries to Google and it determines which websites are relevant to the query and provides the information to the user. Google also helps users find information in other ways. Google earns revenue by selling "keywords" to advertisers so that when a user enters a phrase connected to a keyword the advertiser's website appears at the top of the search results.

As for her complaint against Google, plaintiff alleges that in 2010 she Googled her name and Google displayed the phrase "bev stayart levitra." Her search also turned up reports and commentary regarding her suit against Yahoo, a picture of a Levitra pill, a list of websites advertising medications for sexual dysfunction and a suggestion that she query the phrase "bev stayart levitra." And when she queried bev stayart levitra, she was referred to websites advertising medications and suggestions that she query such phrases as "bev stayart viagra" and "bev stayart cialis," references to other sexual dysfunction medications. Plaintiff also alleges that Google designated "bev stayart levitra" as a keyword phrase and earns advertising revenue from it. Plaintiff does not explain how her name came to be connected with sexual dysfunction medications on the internet nor how Google or the

sellers of Levitra, Viagra and Cialis could possibly obtain a pecuniary benefit from such connection.

The Communications Decency Act, 4 U.S.C. § 230, effectively immunizes search engines like Yahoo and Google from claims that they displayed information created by third parties which presents an individual in an unfavorable light. Plaintiff attempts to get around this obstacle by alleging that Google is wrongfully using her name for advertising purposes.

In order to survive Google's motion to dismiss, plaintiff must allege facts to describe a claim that is plausible on its face. Stayart, 623 F.3d at 438. I take all of plaintiff's allegations as true and draw all reasonable inferences in plaintiff's favor. Id. A claim has facial plausibility when the plaintiff pleads sufficient factual content to enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In considering Google's motion, I consider both the allegations in the complaint and the exhibits referred to therein. Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002); Fed. R. Civ. P. 10(c).

In order to state a claim under either § 995.50(2)(b) or Wisconsin common law, plaintiff must allege sufficient facts to enable me to plausibly infer that Google used her name for advertising or trade purposes. Plaintiff fails to do so. First, plaintiff alleges no facts which suggest that her name has any commercial value or that Google derives any pecuniary benefit as a result of the connection on the internet between her name and sexual dysfunction medications. Second, plaintiff alleges no facts which suggest that Google used her name for any purpose much less that of advertising or trade. Plaintiff's allegations establish no more than that Google enables internet users to access publically available materials connected to plaintiff's name. And it is not unlawful to use a person's

3

name "primarily for the purpose of communicating information. . ." Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562, 574 (1977) (stating that an individual's right to control use of her own name does not prevent reporting of news); see also Ladd v. Uecker, 323 Wis. 2d 798 (Ct. App. 2010) (stating that display of a person's likeness was not for purposes of trade or advertising but informative use of matter of public record); Rand v. Hearst Corp., 298 N.Y. Supp. 2d 405, 409 (App. Div. 1969) (stating that phrases such as "advertising purposes" and for the "purposes of trade . . . must be construed narrowly and not used to curtail the right of free speech, or free press, or to shut off the publication of matters newsworthy or of public interest, or to prevent comment on matters in which the public has an interest or the right to be informed"), aff'd, 257 N.E. 2d 895, 896 (N.Y. 1970).

Plaintiff argues that the fact that the query "bev stayart" brings to the screen a picture of a Levitra pill priced at $1.67 indicates that Google uses her name for advertising purposes. However, both plaintiff's allegations and the exhibits attached to her complaint make clear that Google is merely reporting the results of its search of other websites. Likewise, the fact that a user queries plaintiff's name and the phrase "bev stayart levitra" pops up indicates only that other websites and users have connected plaintiff's name with Levitra. Finally, because plaintiff alleges no facts which suggest that her name has any commercial value or that any company could obtain pecuniary benefit from connecting her name to sexual dysfunction medications[1] her allegation that Google sells "bev stayart

---

[1] Plaintiff argues that it can be inferred that advertisers pay Google for the connection between her name and Levitra because a sponsored search result appears at the top of the search results for "bev stayart levitra." However, it is obvious that advertisers pay Google to display their website whenever a user searches for "levitra," even if a user also types in other words such as a person's name. The fact that a person who queries both a product and their name, e.g. "bev stayart nike," does not give rise to a claim against

4

levitra" as a keyword to companies that sell sexual dysfunction medications is unsupported by facts and implausible.

Therefore, **IT IS ORDERED** that Google's motion to dismiss is **GRANTED**, and **IT IS FURTHER ORDERED** that plaintiff's motion for a preliminary injunction is **DENIED**.

Dated at Milwaukee, Wisconsin this 8th day of March 2011.

/s_____
LYNN ADELMAN
District Judge

---

the search engine.