## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

BEVERLY STAYART,
a/k/a BEV STAYART,

          Plaintiff,                  Case No. 10-CV-0336-LA

v.

GOOGLE INC.,

          Defendant.

## GOOGLE INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION FOR ATTORNEYS' FEES AND COSTS

Beverly Stayart has so far filed three different lawsuits, each ending in dismissal on the pleadings, concerning Internet search results that appear after she performs a search for "bev stayart." In dismissing Stayart's case against Google for alleged violations of her right of publicity under Wisconsin law, this Court identified numerous factual and legal deficiencies with Stayart's Complaint. For example, this Court held that Stayart failed to allege facts which suggest that her name has commercial value, thus demonstrating that Google derives no benefit from the connection between Stayart's name and sexual dysfunction medications. The Court also held that Stayart pled no facts which suggest that Google used her name at all—much less for advertising or trade purposes—which is a critical element of a right of publicity claim. Stayart's claims against Google were not well founded in fact or in law.

Under Wis. Stat. § 995.50(6), courts are to award a prevailing defendant its attorneys' fees and costs for defending against frivolous right of publicity claims. Stayart's Complaint was frivolous: she simply had no authority from Wisconsin or any other jurisdiction to support her

1

claim, and her factual allegations were determined by this Court to be implausible.  But defending against Stayart's groundless claims were difficult and expensive, not only because the Complaint was a dense thicket of confusing allegations, but Stayart sought a preliminary injunction requiring additional extended briefing.

And Stayart shows no signs of stopping this wasteful campaign.  Despite consistent rulings against Stayart in her three cases against Google and Yahoo!, Stayart's intention to keep pursuing these claims is clear.  In her recently filed motion to alter or amend the judgment in this case, Stayart seeks clarification of this Court's factual findings so that she "can re-file related claims in a Wisconsin court."  Dkt. No. 51 at 7.  Stayart's claim is a prime example of a frivolous right of publicity claim, not founded in fact or law, and she shows no signs of resting in her pursuit of these claims against Google   The Court should therefore award Google the attorney's fees and costs it incurred in connection with defending this case.

## BACKGROUND

This Court has now dismissed the following three actions brought by Stayart against search engine companies Google and Yahoo!:

*1.* ***Stayart v. Yahoo! Inc*., No. 09-C-116 (E.D. Wis.) ("Yahoo! I"):**  Prior to suing Google, in early 2009, Stayart sued Yahoo! alleging that the results of searches on its search engine for "bev stayart" violated her rights under the federal Lanham Act and Wisconsin's right of publicity law.  *See Stayart v. Yahoo! Inc*., 651 F. Supp. 2d 873, 878-79 (E.D. Wis. 2009).  This Court dismissed Stayart's Lanham Act claims on the merits, concluding that Stayart lacked standing because her name had no commercial value, that there was no likelihood of confusion, and her claims were barred by the federal Communications Decency Act, 47 U.S.C. § 230.  *Id.* at 881-86.  This Court expressed skepticism over Stayart's state law right of publicity claim, but it

did not decide that issue and declined to retain jurisdiction over it. *Id.* at 888. The Seventh

Circuit affirmed. *Stayart v. Yahoo! Inc.*, 623 F.3d 436 (7th Cir. 2010).

2. ***Stayart v. Yahoo! Inc.*, No. 10-C-43 (E.D. Wis.) ("Yahoo! II"):** Additionally,

while her first case was still pending against Yahoo!, Stayart revived her state law publicity

claim in a second suit against Yahoo! in this Court in early 2010. *Stayart v. Yahoo! Inc.*, No.

2:10-cv-00043-LA (E.D. Wis. filed Jan. 19, 2010). On March 8, 2011, this Court also dismissed

Stayart's second suit against Yahoo! on a motion to dismiss and entered judgment in favor of

Yahoo!.

3. ***Stayart v. Google Inc.*, No. 10-C-336, (E.D. Wis.):** In this case, Stayart alleged that

Google violated her right of publicity by: (1) offering additional search queries when a user

enters "bev stayart" as a search term, which include the query "bev stayart levitra"; (2)

displaying advertisements for Levitra when a user executes the search query "bev stayart

levitra"; and (3) offering additional "related searches" when a user executes the search query

"bev stayart levitra." *See* Dkt. No. 1 (filed April 20, 2010). Stayart also moved for a preliminary

injunction, asking the Court to enjoin Google "from using Stayart's likeness and/or name, or any

variation of her name, on the Internet *in any manner* for advertising or trade purposes without the

express written permission of Stayart." Dkt. No. 9 (filed May 27, 2010).

Google moved to dismiss Stayart's Complaint under Federal Rule of Civil Procedure

12(b)(6) because none of Google's search engine functions use Stayart's name "for advertising

purposes or for purposes of trade," which is a required element for a right of publicity claim

under Wisconsin law. Google also opposed Stayart's motion for a preliminary injunction. On

March 8, 2011, this Court granted Google's motion to dismiss, denied Stayart's motion for

preliminary injunction, and entered judgment in favor of Google.

**Stayart's latest motions indicate that she intends further litigation:** Despite her lack of success in these cases, none of which has made it past the pleading stage, Stayart shows no signs of stopping. In the instant case against Google, and in *Yahoo! II*, which were both recently dismissed, Stayart filed motions to alter or amend the judgment seeking "clarification" of this Court's March 8th, 2011 dismissal order. In particular, Stayart requests that: "[i]f this Court has made findings of fact, it should clarify under what circumstances Stayart can re-file related claims in a Wisconsin court." *See* Dkt. No. 51 at 7; *Yahoo! II*, Dkt. No. 21.

## ARGUMENT

I.    **This Court should award Google its attorneys' fees and costs incurred in defending this action because Stayart's case was frivolous.**

Wisconsin's right of publicity statute requires that where a right of publicity case ends in judgment for the defendant, the Court must determine whether the action was frivolous. If so, the court must award the prevailing defendant its attorneys' fees and costs:

> If judgment is entered in favor of the defendant in an action for invasion of privacy, the court shall determine if the action was frivolous. If the court determines that the action was frivolous, it shall award the defendant reasonable fees and costs relating to the defense of the action.

Wis. Stat. § 995.50(6)(a) (2009-10). To date, Google has incurred about $64,344.00 in attorneys fees and $226.74 in costs and disbursements in connection with defending against this action.[1] *See* Declaration of Jennifer L. Gregor at ¶ 2.

Generally speaking, a "frivolous" case under Wisconsin law is one that "is not well-grounded in fact or law." *Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, ¶ 75, 299

---

[1] Google provides these figures as an estimate of its fees and costs in accordance with Federal Rule of Civil Procedure 54, but this amount does not include fees and costs incurred by Google in connection with the preparation of this motion, and supporting papers, or its opposition to Stayart's latest motion filed March 20. If Google's motion is granted, Google will submit a full itemized accounting of its updated fees and costs.

4

Wis. 2d 81, 726 N.W.2d 898. Determining whether a case is frivolous is determined using an objective standard, namely "whether the [party or] attorney knew or should have known that the position taken was frivolous as determined by what a reasonable [party or] attorney would have known or should have known under the same or similar circumstances." *Howell v. Denomie*, 2005 WI 81, ¶ 8, 282 Wis.2d 130, 698 N.W.2d 621 (quoting *Sommer v. Carr*, 99 Wis. 2d 789, 799, 299 N.W.2d 856 (1981)).

Additionally, Wis. Stat. § 995.50(6)(b) provides two ways in which an action can be considered frivolous. Specifically, the statute provides that:

> In order to find an action for invasion of privacy to be frivolous under par. (a), the court must find either of the following:
>
> 1. The action was commenced in bad faith or for harassment purposes.
>
> 2. The action was devoid of arguable basis in law or equity.

Wis. Stat. § 995.50(6)(b). Under either of these standards, Stayart's Complaint against Google was frivolous and this Court should award Google these fees and costs.

### A. There was no arguable basis in law or equity for Stayart's position in this case.

Stayart's claim is frivolous under Wis. Stat. § 995.50(6)(b)(2) because she had no arguable basis in law or equity for her position that Google's actions of simply indexing the Internet and making information available constituted a violation of her right of publicity.

To state a cause of action for a violation of a person's right of publicity, a litigant must plead facts that demonstrate a plausible claim regarding:

> The ***use, for advertising purposes or for purposes of trade,*** of the name, portrait or picture of any living person, without having first obtained the written consent of the person or, if the person is a minor, of his or her parent or guardian.

Wis. Stat. § 995.50(2)(b) (emphasis added); *see also Hirsch v. S.C. Johnson & Son, Inc.*, 90 Wis. 2d 379, 280 N.W.2d 129 (1979).

The Court here, however, held that Stayart "alleges no facts which suggest that Google used her name for any purpose much less that of advertising or trade." Dkt. No. 49 (Order granting Google's motion to dismiss) at 3. The Court also held that Stayart's "allegations establish no more than that Google enables internet users to access publically available materials connected to plaintiff's name." *Id.* Additionally, with respect to allegations that Google associates Stayart's name with the Levitra drug, the Court held that "it is obvious that advertisers pay Google to display their website whenever a user searches for 'levitra,' even if a user also types in other words such as a person's name." *Id.* at 4 n.1.

Moreover, Stayart did not cite any law from any jurisdiction to support a good faith claim for violations of her right of publicity. Stayart's papers filed in this case consisted of confusing allegations based on volumes of exhibits comprising pages of printed Internet search results, most of which were not even searches for "bev stayart." To the extent that Stayart relied on authority to support her position, she relied on dictionary definitions of the term "use," and trademark cases interpreting "use in commerce" under the Lanham Act, all of which were irrelevant to the meaning of "use for advertising purposes or for purposes of trade" under Wisconsin's right of publicity law. *See* Dkt. No. 20 (Stayart's response to Google's motion to dismiss) at 11-15. None of the right of publicity cases cited by Stayart supported her claims. Rather, right of publicity cases uniformly require a direct commercial use of a person's name or likeness in order to satisfy the element concerning " use for advertising purposes of for purposes of trade." *See* Google's Memorandum of Law in support of its Motion to Dismiss, Dkt. No. 13 at 9-14. This Court correctly concluded that Stayart failed to allege facts to support this critical

6

element, holding that "plaintiff alleges no facts which suggest that Google used her name for any purpose much less that of advertising or trade." Dkt. No. 49 at 3.

This Court correctly concluded that Stayart's allegations against Google were implausible and failed to state a claim for relief. It must now conclude further that Stayart's allegations were not supported by existing law or a good faith argument for a modification of existing law and that her claims was therefore frivolous.

**B.** **Stayart commenced this action against Google in bad faith after failing to recover in her actions against Yahoo! and intends to keep litigating based on the same facts.**

Stayart's claim is also frivolous due to being commenced—and continued—in bad faith under Wis. Stat. § 995.50(6)(b)(1). Stayart is a serial litigant who intends to continue pursuing legal actions against Internet search engines. Each of Stayart's cases against Google and Yahoo! have been based on essentially the same Internet search results. Yet, in response to this Court's entry of final judgment, Stayart filed another motion requesting that this Court alter, amend, and clarify the judgment in this case to reverse its ruling on Google's motion to dismiss. Dkt. No. 51. The reason Stayart gives for seeking clarification is that the Court "should clarify under what circumstances Stayart can re-file related claims in a Wisconsin court." *Id.* at 7.

Where a party is represented by counsel, like Stayart is here, there should be no reason to tolerate unfounded claims. A reasonable attorney presented with Stayart's case would not have sued Google after unsuccessful lawsuits against Yahoo!. But Stayart's lawyer has a personal connection to her case. Stayart's lawyer is her husband, and Stayart appears to be employed as the CFO and Director of Business Development at her husband's law office. *See* Gregor Decl., Exs. A, B.

In *Hanson v. American Bankers Ins*., the Wisconsin court of appeals considered whether to award attorneys' fees and costs in a case where the attorney involved was suing on behalf of

himself and his current wife. 101 Wis. 2d 736, 306 N.W.2d 308 (Table), 1981 WL 138854 (Wis. Ct. App. 1981) (attached at Gregor Decl., Ex. C). They had sued because their sale of real estate was disrupted by a restraining order impounding the proceeds of the real estate sale to cover his support payments to his prior wife. *Id*. The court held that the case was frivolous and awarded fees, recognizing that Attorney Hanson's personal involvement in the case had clouded his judgment, reasoning that "he's just too close to the forest, because of the trees in this case. Perhaps, and it's difficult for him to act as cool and calculated as he would if it were a case for a client who would come in off of the street, so to speak." *Id.*, at *2. The court concluded that "[w]e do not believe that Hanson's inability to detach himself from the emotion of the situation should be permitted to excuse his repeated failure as an attorney to state a legitimate cause of action." *Id.* So it is here: Attorney Stayarts' personal connection to this case should not excuse the filing of claims that are not well founded in fact or in law.

## CONCLUSION

Stayart has demonstrated a clear intent to litigate her meritless claims indefinitely. Her lawyer is her husband, and thus the expense of litigation poses no impediment to her continuing her campaign of harassment. The Court should determine that her claims against Google are frivolous and award Google its attorneys' fees and costs incurred in connection with defending this lawsuit.

Dated: March 22, 2011           Respectfully submitted,

By:    *s/ Jennifer L. Gregor*
        James D. Peterson
        Wisconsin State Bar No. 1022819
        Jennifer L. Gregor
        Wisconsin State Bar No. 1078174

        GODFREY & KAHN, S.C.
        One East Main Street

P.O. Box 2719
Madison, WI 53701-2719
Telephone: 608.257.3911
Facsimile: 608.257.0609
E-mail:        jpeterson@gklaw.com
Email:         jgregor@gklaw.com

*Attorneys for defendant Google Inc.*

6142770