IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BEVERLY STAYART,
a/k/a BEV STAYART,

                Plaintiff,

                                 Case No. 10-CV-0336-LA

v.

GOOGLE INC.,

                Defendant.

## GOOGLE'S OPPOSITION TO
## STAYART'S MOTION TO ALTER OR AMEND JUDGMENT

Stayart's motion to alter or amend this Court's judgment dismissing her case (Dkt. No. 51) should be denied. The law has not changed, and she has demonstrated no error in the Court's decision. As for Stayart's request for "clarification," the consequence of the Court's judgment is clear: Stayart's claims against Google have been decided on the merits and her only recourse lies with the Court of Appeals. Stayart may not under any circumstances file a claim against Google based on these facts in this or any other court.

**I.    There has been no change in the law.**

The law governing Stayart's claim has not changed in any way since the Court entered its judgment on March 8, 2011. Stayart relies on *Jurin v. Google Inc.*, No. 2:09-cv-03065-MCE-KJM, 2011 WL 572300 (E.D. Cal. Feb. 15, 2011), in which a district court denied a motion to dismiss Jurin's Lanham Act claim, which was based on the use of Jurin's STYROTRIM trademark as a keyword. But *Jurin* does not represent a change in the law governing Stayart's claim for at least three reasons. First, the decision of another district court, especially one outside the Seventh Circuit, does not establish law that binds this Court. Second, the district court in *Jurin* evaluated the adequacy of Jurin's pleading of his Lanham Act claim, it did not

purport to change the law or even to reflect any change in the law governing Jurin's claim. Third, Stayart pressed and defended her claim under Wisconsin's right of publicity statute, not the Lanham Act. In sum, *Jurin* is not on point and even if it were, it did not change the law at all.

**II.     This Court made no mistake of law or fact.**

Stayart asserts that the Court made "errors of misinterpretation," but Stayart does not show what they are. Stayart's motion simply repeats fifteen paragraphs of her complaint and summarizes the same argument she has already presented. Stayart's motion, like her complaint and her opposition to Google's motion to dismiss, makes conclusory allegations that do not plausibly allege facts showing that she is entitled to relief. There is nothing new in Stayart's motion.

Further, Stayart's request that the Court clarify whether it has made findings of fact is beside the point. The Court has of course not made findings of fact; it has merely evaluated the pleadings. To take an example cited in Stayart's motion, the Court has determined that Stayart has not plausibly alleged facts showing that her name has any commercial value. The fact that Stayart's name does not have any commercial value is not the basis for the Court's determination that Google has not used Stayart's name for advertising purposes or purposes of trade. However, the fact that Stayart's name has no commercial value makes it highly implausible that Google would appropriate her name in attempt to bolster sales of sexual dysfunction medication.

The Court made no error in evaluating the legal sufficiency of Stayart's Complaint, and the Court should deny Stayart's motion.

**III.    No clarification is necessary.**

This Court's judgment and its consequences are clear. Stayart's claim has been litigated on the merits to a judgment for Google. Her only recourse now is an appeal to the Seventh

Circuit. The doctrine of claim preclusion prevents Stayart from bringing another action against Google, under any theory, on the same facts that she alleged in this case. *See Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). Under no circumstances may she initiate a new action based on the same allegations against Google, not in this Court, not in state court, or in any other.

In conclusion, Stayart has shown no basis for altering or amending the court's judgment and accordingly her motion should be denied.

Dated: April 8, 2011       Respectfully submitted,

             By: *s/ James D. Peterson*
                James D. Peterson
                Wisconsin State Bar No. 1022819
                Jennifer L. Gregor
                Wisconsin State Bar No. 1078174
                GODFREY & KAHN, S.C.
                One East Main Street
                P.O. Box 2719
                Madison, WI 53701-2719
                Telephone: 608.257.3911
                Facsimile: 608.257.0609
                E-mail: jpeterson@gklaw.com
                Email: jgregor@gklaw.com

                *Attorneys for defendant Google Inc.*

6186876