IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BEVERLY STAYART, )
a/k/a BEV STAYART, )
an individual, )
                                  )
            Plaintiff, )
                                  )     Case No. 10-C-0336
     v. )
                                  )     Hon. Lynn S. Adelman
GOOGLE, INC., )
A Delaware corporation, )
                                  )
           Defendant. )

**PLAINTIFF BEVERLY STAYART'S REPLY MEMORANDUM
IN OPPOSITION TO GOOGLE'S BILL OF COSTS**

    Google seeks to be reimbursed for its copying costs ($195.15) and messenger services ($31.59) incurred in this litigation.

    Google's accompanying Bill of Costs is woefully inadequate. It provides no case citation as to why such items should be taxed until its response. More importantly, the attached bills for duplicating fail to show *what* documents were copied, *why* such documents were copied, and *why* those copies were "necessarily obtained for use in the case." *Cf.* 28 U.S.C. § 1920(4). Copies "necessarily" obtained for use in the case means copies of papers which are essential to the cause. *Motion Picture Patents Co. v. Universal Film Mfg.Co.*, 232 F. 263 (S.D.N.Y. 1916).

    Illustrative is *State of Illinois v. Sangarno Constr. Co.*, 657 F. 2d 855, 867 (7th Cir. 1981). The Seventh Circuit upheld a district court's award of $1,501.47 for the cost of copying pursuant to 28 U.S.C. § 1920(4). The costs were incurred for copying pleadings, correspondence, discovery documents tendered to defendants, documents obtained pursuant to a subpoena, and

the transcript of a prior trial. The Seventh Circuit found that the copying of these items was reasonably necessary for use in the case.

Here, it was unnecessary for Google to copy any pleadings, correspondence or discovery documents and give them to Stayart. All pleadings were obtained by Stayart pursuant to the court's ECF filing system, at no cost to Google. There was *no* discovery, *no* subpoenaed documents and *no* prior transcript to transcribe.

Google simply has not established that any copies made in this case were "necessarily obtained" for use in this case.

In its *second* submission to the court, Google simply submitted the same defective Bill of Costs. No further detail was given as to *what* documents were copied, and *why* those copies were necessary.

Given that Google has *twice* had the opportunity to comply with 28 U.S.C. § 1920(4), its request for $195.15 for duplicating should be denied. *Cf., In re Penn Central Transportation Co.*, 630 F. 2d 183, 191 (3d Cir. 1980) (disallowing costs for "an excessive number of copies"); *Kaimowitz v. Howard*, 547 F. Supp. 1345, 1353 (E.D. Mich. 1982) (denying costs for "ordinary office copies"); *Brager & Co. v. Leumi Securities Corp.*, 530 F. Supp. 1361, 1365 (S.D.N.Y. 1982) (disallowing costs for reproduction of exhibits for convenience of counsel only); *United States v. Bexar County*, 89 F.R.D. 391, 393 n. 3 (W.D. Tax. 1981) (cutting back on number of copies considered necessary).

Google suggests that its claimed costs were "reasonable" for duplicating (Memorandum in Response to Stayart's Objections to Bill of Costs, Document #61, at 1). This puts the cart before the horse. The threshold issue is whether an expense incurred by a litigant is a proper "cost" under Rule 54, F.R.C.P. A district court does not have unrestrained discretion to tax costs

2

to reimburse winning parties for every expense they see fit to incur in the conduct of their case. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227 (1954).

Google claims that its copying included "costs for documents filed in the case on which counsel made notes and used to evaluate the case, copying costs for legal research, and copying for courtesy copies for the Court of documents filed in the case (Memorandum in Response to Stayart's Objections to Bill of Costs, Document 61, at 1).

Google's recitation demonstrates why its copying costs must be disallowed. In *Jansen v. Packaging Corp. of America*, 898 F. Supp. 625 (N.D. Ill. 1995), an employer who prevailed in an employment discrimination suit requested to be reimbursed for 5,785 copies covering "miscellaneous copies necessarily obtained for use in the case, such as draft and working copies of pleadings, copies of key cases, copies of legal memos, and similar items." 898 F. Supp. at 628.

The court (Senior District Judge Milton Shadur) held that the amount sought was excessive as representing internal convenience, not necessity, and that the claimed charge of $.20 per page was improper when a reasonable and customary charge was $.08 per page at the time.

Similarly, in *Haupt v. McGrath*, Case No. 82 C 7299 (U.S.D.C., N.D. Ill.), Memorandum and Order of February 28, 1986, the prevailing defendant in another employment case sought to be reimbursed for duplicating. The court (Judge Shadur) initially refused to tax such an item for want of documentation, explaining (Exhibit A, at 4):

<u>Copies of Documents -- $331.70 Claimed</u>

This item, apparently asserted under Section 1920(4), presumably covered photocopies. However, no supporting information has been provided as to the number of copies involved, the charge per page and why the copies in such a quantity were necessary.

3

The court revisited the issue two months later in *Haupt v. McGrath*, case No 82 C 7299 (U.S.D.C., N.D. Ill.), Memorandum Order of April 23, 1986. This time the court (Judge Shadur) rejected reimbursement of any duplicating, explaining (Exhibit B, at 1-2):

> Haupt's objection to copying charges really addresses an issue somewhat different from the nature of the copies made by McGrath's counsel. In the latter respect, however, this Court's own review reflects that:
>
> 1. Most of the charges are for in-office photocopies at $.25 per page. That is unjustifiably high.
>
> 2. No sufficient reason has been given for making the copies in the first place.

Accordingly, the requested copying charges will not be taxed.

Google cites *Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 38 F. 3d 1429, 1441 (7th Cir. 1994) (Google's Response to Stayart's Objections to Bill of Costs, Document 61, at 2). Google claims that in *Haroco*, the Seventh Circuit held that two sets of discovery documents and pleadings "were reasonable" in that case.

Google is simply *wrong*, both on the facts and the law.

In *Haroco* (Exhibit C), the Seventh Circuit noted that the *district court* held that *only* two sets of copies were reasonable. The matter was *remanded* to the district court for further explanation as to what was reasonable.

The Seventh Circuit explained (Exhibit C, slip opinion, at 15):

> The bank's award of costs included $21,986.40 for copies of discovery documents and pleadings at a rate of twenty cents per page. This was the rate the bank's attorneys charged for copies made at the law firm. The plaintiffs argue first that the award includes a set of copies that is non-compensable because it was for the attorney's convenience. We agree. The district court recognized that only two sets of copies would be reasonable. It therefore reduced the award by $1000. Nowhere did it explain why $1000 was a reasonable reduction for the third set of copies. *We remand this issue back to the district court for a more precise determination of the number of copies that were unnecessary* (emphasis added).

4

And in this case, there was no discovery. There were *no* discovery documents for Google to copy.

Google also fails in its response to address the issue of its costs for messenger services.

Google offers no authority for the proposition that such an expense is a "cost" within the meaning of Rule 54. Therefore, the taxing of that expense ($31.59) should also be denied.

## CONCLUSION

For the reasons stated above, the court should exercise its discretion and deny the award of any costs to Google herein.

        Respectfully submitted,

        BEVERLY STAYART

        By   /s/ Gregory A. Stayart

        *Counsel for Beverly Stayart*

Gregory A. Stayart
Stayart Law Offices
N5577 Cobblestone Road
Elkhorn, Wisconsin 53121-3820
(262)745-7395

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 20, 2011, I electronically filed with the clerk of the court the preceding Plaintiff Beverly Stayart's Reply Memorandum in Opposition to Google's Bill of Costs, using the ECF System which will automatically send notification of such filing to Google's counsel:

jpeterson@gklaw.com
jgregor@gklaw.com

/s/ Gregory A. Stayart