**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BEVERLY STAYART, a/k/a**
**BEV STAYART**,
        **Plaintiff,**

    v.                                                                                      **Case No. 10C0336**

**GOOGLE INC.**,
        **Defendant.**

---

**DECISION AND ORDER**

Plaintiff Beverly Stayart brought this action against defendant Google Inc., alleging that defendant violated Wis. Stat. § 995.50(2)(b) and Wisconsin common law by using her name for advertising purposes without her consent. I dismissed the complaint for failing to state a claim upon which relief could be granted. Before me now is plaintiff's motion for reconsideration and defendant's motion for attorney fees.

I first address plaintiff's motion. In her complaint, plaintiff alleges that defendant's search engine scours the internet to create an index of publicly available websites and then allows users to search the index by entering search queries into the search engine; when it receives a query, the search engine searches the index for the identified phrase and defendant's proprietary algorithm supplies a list of websites, sorted in order of their relevance to the query; that defendant misappropriated her name in that in 2010 plaintiff entered her name and defendant's website displayed the phrase, "bev stayart levitra;" upon executing a search for her name the search results included a picture of a Levitra pill priced at $1.67 and a suggestion that she query the phrase, "bev stayart levitra;" and when she did, defendant's website returned a list of websites selling medications for sexual dysfunction, one of which paid to have its website listed; further, upon seeking additional related search queries, the website

suggested that she query such phrases as "bev stayart viagra" and "bev stayart cialis," references to other sexual dysfunction medications; upon execution of those queries, the search results again included websites selling medications, one of which paid to have its website listed. Plaintiff also alleges that defendant designated "bev stayart levitra" as a keyword phrase and earns advertising revenue from selling advertisers the right to list their website when a user searches for the phrase.

As I indicated in my previous decision, in order to survive defendant's motion to dismiss, plaintiff must allege sufficient facts to describe a claim that is plausible on its face. Stayart v. Yahoo! inc., 623 F.3d, 436, 438 (7th Cir. 2010). A claim has facial plausibility when the plaintiff pleads sufficient factual content to enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009). In order to state a claim under § 995.50(2)(b), plaintiff must allege facts indicating that it is plausible that defendant used her name for advertising or trade purposes. In other words, plaintiff must allege facts establishing a connection between the use of her name and the advertisement in question. Generally speaking, this connection must be substantial rather than incidental. De minimis cases of appropriation generally do not result in liability, as where the use of a picture or name is merely incidental to the profit-making motive behind a publication. See Comment, *The Tort of Misappropriation of Name or Likeness Under Wisconsin's New Privacy Law*, 1978 Wis. Law Review 1029, 1047-48 (1978). The fact that a defendant, such as a newspaper, makes a profit from the business of publication or supports its business with advertising is not enough to make the incidental use of a name a commercial use. Restatement (Second) of Torts § 652C cmt. d (1977); see also Moser v. Press Pub. Co., 109 N.Y.S. 963 (N.Y. Sup. Ct. 1908).

Plaintiff's claim that defendant used her name for advertising or trade purposes is not plausible. Plaintiff's allegations suggest no more than that defendant reported the results of its search of other websites. The fact that the results of defendant's search showed that plaintiff's name had become connected with Levitra on the internet does not give rise to a plausible inference that defendant used plaintiff's name for purposes of advertising or trade. It is important to emphasize that it is entirely lawful to use a person's name if it is not used for advertising purposes. Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562, 574 (1977) (stating that an individual's right to control the use of her name does not prevent reporting of news); see also Ladd v. Uecker, 323 Wis.2d 798 (Ct. App. 2010) (stating that display of a person's likeness was not for purposes of trade or advertising but informative use of matter of public record); Rand v. Hearst Corp., 298 N.Y.S.2d 405, 409 (App. Div. 1969) (stating that phrases such as "advertising purposes" and for the "purposes of trade ... must be construed narrowly and not used to curtail the right of free speech, or free press, or to shut off the publication of matters newsworthy or of public interest, or to prevent comment on matters in which the public has an interest or the right to be informed"), aff'd, 257 N.E.2d 895, 896 (N.Y. 1970).

As for plaintiff's allegation that defendant's search suggestions themselves, as, for example, "bev stayart levitra," constituted the use of her name for advertising purposes, the suggestions show only that third parties had connected plaintiff's name with Levitra. Reporting a connection is not an endorsement or advertisement. The search suggestions did not propose any commercial transactions. See generally Almeida v. Amazon.com, Inc., 456 F.3d 1316 (11th Cir. 2006) (holding that internet bookseller's use of a bookcover was not an endorsement or promotion of any product or service but rather incidental to and customary for

the business of book sales); Leary v. Punzi, 687 N.Y.S.2d 551, 551 (N.Y. Sup. Ct. 1999) (stating that a website listing of a former employee as the contact person was not "for advertising purposes" because her name was not used in a manner directly related to the product or service). Likewise, the search suggestions that plaintiff discovered after querying "bev stayart levitra," such as "bev stayart cialis" and "bev stayart viagra," merely reflect that Cialis and Viagra are related to Levitra. Because it is not a misappropriation to use a person's name primarily for the purpose of communicating information, displaying these search suggestions does not provide a basis for plaintiff's claims.

Plaintiff contends that the mere fact that advertisements appear makes it plausible that defendant sells her name as a keyword for advertising purposes. I disagree. Plaintiff does not explain how her name became connected with Levitra on the internet. Further, inasmuch as plaintiff asserts that her name has no proper connection with sexual dysfunction medications and offers no reason why sellers of such medications would pay to use her name in keyword advertising, it is not plausible to infer that defendant sells plaintiff's name as a keyword. The obvious alternative explanation is that sellers of these medications pay defendant to display their websites as sponsored search results whenever a user searches for them, even if that user also happens to query other words including a person's name. The implication of plaintiff's argument in that a person who queries their own name and the name of a product and is led to an advertisement for the product could sue defendant for misappropriating their name. It is unreasonable to believe that plaintiff's name, as opposed to the names of the medications searched for, triggers the advertisements. Because of the absence of factual enhancement, plaintiff's allegation that her name is the trigger is not entitled to the presumption of truth. Iqbal, 129 S. Ct. at 1949-50. In sum, plaintiff presents no facts making it plausible that

4

sellers of medications such as Levitra would want to use her name in connection with their medication. Therefore, plaintiff's claim that defendant used her name for advertising purposes is also implausible. Therefore, I will deny plaintiff's motion to reconsider.

I now turn to defendant's motion for attorney fees. Under § 995.50(6)(a), a prevailing defendant may recover fees if the plaintiff's claim was frivolous. An action is frivolous if (1) it is commenced in bad faith or for harassment purposes or (2) it is devoid of an arguable basis in law or equity. Wis. Stat. § 995.50(6)(b). I cannot conclude that plaintiff's suit falls into either of these categories. Plaintiff's suit was novel but that does not make it devoid of any basis in law or equity. The fact that plaintiff sued Yahoo! unsuccessfully does not meant hat her suit against Google, which was based upon a slightly different set of facts, was filed in bad faith. Finally, plaintiff suggests that defendant's motion is frivolous and that she is entitled to costs pursuant to 28 U.S.C. § 1927, but I cannot conclude that defendant's motion unreasonably and vexatiously multiplied the proceedings.

Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for attorney fees is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of August, 2011.

s/ Lynn Adelman
LYNN ADELMAN
District Judge